IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFF and DEBRA BOND,
Husband and Wife,

        Plaintiffs,

vs.                                              No.

THE UNITED STATES OF AMERICA,

        Defendant.

### COMPLAINT FOR PERSONAL INJURIES ARISING UNDER THE FEDERAL TORT CLAIMS ACT [MOTOR VEHICLE]

Plaintiffs Jeff and Debra Bond, by and through their undersigned attorney of record, for their Complaint would state as follows:

### I. PARTIES AND JURISDICTION

1. This is an action pursuant to the Federal Tort Claims Act, 28 USC §2671, *et. seq.* (hereinafter the "FTCA").

2. Plaintiffs JEFF AND DEBRA BOND ["Plaintiffs"] at all times material to the claims for relief alleged herein were residents of Ramah, County of McKinley, State of New Mexico.

3. Defendant United States of America ["United States of America"] through its agents, employees, and the Department of the Agriculture, all federal agencies, and at all times hereinafter mentioned, upon information and belief, did fund the U.S. Forest Service for management of its public lands and national forests, including the U.S. Forest vehicle

which struck Plaintiff JEFF BOND's vehicle causing the injuries and damages alleged herein.

4. Upon information and belief, at all times material Paul Anthony Diaz, Jr. was a U.S. Forest Service employee employed by Defendant and the claims alleged herein are made against Defendant for the acts and/or failures to act of Paul Anthony Diaz, Jr. pursuant to, *inter alia,* the *Doctrine of Respondeat Superior* and vicarious liability.

5. If the Defendant were a private person it would be liable to the Plaintiffs in accordance with the laws of the State of New Mexico.

6. Within two years of the date of claims set forth herein which are subject to the Federal Tort Claims Act, the administrative claim was presented to the United States through the Department of the Agriculture/ Forest Service, pursuant to 28 U.S.C. §2675(a). Said agencies have failed to make a final disposition of Plaintiffs' claims within six months of presentation to Defendant. Plaintiffs deem such failure to be a denial of their claims as provided by the FTCA.

7. This Court has jurisdiction over the parties and subject matter pursuant to 28 USC § 1346(b).

## FACTS GERMANE TO ALL CLAIMS FOR RELIEF

8. Plaintiffs re-allege Paragraphs 1 through 7 as though fully recited at length herein.

9. On the afternoon of June 22, 2013, Paul Anthony Diaz, Jr. and his passengers were traveling northbound on Timberlake Road in Ramah, New Mexico followed by Plaintiff JEFF BOND.

10. Upon information and belief at the time of the collision, Mr. Diaz was in the

course and scope of employment with the U.S Forest Service when he saw a map of the terrain and information concerning the area.

11. Upon seeing the map, Mr. Diaz began to slow and come to a stop at which point Plaintiff BOND came to a stop behind Mr. Diaz.

12. Mr. Diaz was attempting to pull off of the roadway and began backing up his vehicle when he failed to see Plaintiff BOND's vehicle and stuck the front portion of the vehicle.

13. As a result of his actions on the day of the collision, Mr. Diaz was issues a citation for, "Improper Backing" by Officer Nacona Clark of the Ramah Police Department.

14. On said date and time, Plaintiff was operating his 2009 Ford Escape in a safe and lawful manner.

15. As a proximate result of the negligent operation of the vehicle operated by Paul Anthony Diaz, Jr., Mr. Diaz struck the vehicle operated by Plaintiff BOND.

16. Paul Anthony Diaz, Jr. failed to safely yield to the oncoming traffic of Plaintiff's vehicle and was therefore negligent in the operation of the vehicle owned and operated by Defendant proximately causing Plaintiff's serious and permanent injuries.

17. The Ramah Police Department investigated the collision caused by Defendant wherein it reported this motor vehicle collision as Case Number 2029479. Said police agency determined that the apparent contributing factors were Paul Anthony Diaz, Jr.'s "Improper Backing".

18. Paul Anthony Diaz, Jr. was issued a citation for Improper Backing, thereby invoking the doctrine of *negligence per se.*

19. The collision occurred as a direct and proximate result of the negligence of a public employee of the Defendant, the United States of America, and the Department of Agriculture/Forest Service, while acting within the scope of his duties in the operation of their vehicle.

20. Defendant is liable for the acts and/or failures to act of Paul Anthony Diaz, Jr. operating a Department of Agriculture/U.S. Forest Service vehicle, *inter alia*, under the *Doctrine of Respondeat Superior* and vicarious liability.

21. As a direct and proximate result of the negligence of the defendant, Plaintiffs suffered permanent and irreparable injuries, loss of consortium, medical bills, loss of wages, loss of income and loss of income opportunity, past present, and future pain and suffering damages, out of pocket damages, hedonic damages, and other allowable damages under New Mexico law.

## COUNT I - NEGLIGENCE

22. Plaintiffs re-allege Paragraphs 1 through 21 as though fully recited at length herein.

23. As a direct and proximate of the above identified negligent conduct, Defendant breached the duty of operating the Department of Agriculture/U.S. Forest Service vehicle in a safe, lawful, and reasonable manner, all of which caused Plaintiff's injuries.

24. At said time and date, Defendant, through the negligent operation of the Department of Agriculture/U.S. Forest Service vehicle, was negligent in the following respects:

    a. Failed to keep a proper lookout;

    b. Failed to keep the vehicle under control;

      c.      Failed to yield the right of way;

      d.      Failed to operate in a safe and lawful manner and was in violation of existing ordinances and statues;

      e.      Failed to operate his vehicle in a safe and reasonable manner.

25. As a direct and proximate result of the negligence of the defendant, Plaintiffs suffered permanent and irreparable injuries, loss of consortium, medical bills, loss of wages, loss of income and loss of income opportunity, past present, and future pain and suffering damages, out of pocket damages, hedonic damages, and other allowable damages under New Mexico law.

## COUNT II –VICARIOUS LIABILITY

26. Plaintiffs re-allege Paragraphs 1 through 25 as though fully recited at length herein.

27. Plaintiff invokes the Doctrine of Vicarious Liability for the acts and failures to act of Paul Anthony Diaz, Jr., in his negligent operation of the Department of Agriculture/U.S. Forest Service vehicle on June 22, 2013.

28. As a direct and proximate result of the negligence of the defendant, Plaintiffs suffered permanent and irreparable injuries, loss of consortium, medical bills, loss of wages, loss of income and loss of income opportunity, past present, and future pain and suffering damages, out of pocket damages, hedonic damages, and other allowable damages under New Mexico law.

## COUNT III – NEGLIGENCE PER SE

29. Plaintiffs re-allege Paragraphs 1 through 28 as though fully recited at length herein.

30. Defendant, through the negligent operation of a motor vehicle by Paul Anthony Diaz, Jr. was negligent per se in violation of Section 66-7-332.1, NMSA 1978.

31. The Ramah Police Department cited by Paul Anthony Diaz, Jr., for improper backing.

32. As a direct and proximate result of the negligence per se of the defendant, Plaintiffs suffered permanent and irreparable injuries, loss of consortium medical bills, loss of wages, loss of income and loss of income opportunity, past present, and future pain and suffering damages, out of pocket damages, hedonic damages, and other allowable damages under New Mexico law.

## COUNT IV-LOSS OF CONSORTIUM OF DEBRA BOND

33. Plaintiffs re-allege Paragraphs 1 through 32 as though fully recited at length herein.

34. Plaintiff DEBRA BOND brings her claims individually for the loss of consortium caused by Defendant's negligence in depriving her of the full and enjoyable companionship, love, and association with her husband, JEFF BOND.

35. Plaintiff DEBRA BOND, the wife of JEFF BOND, had a close and intimate relationship with her husband and has suffered ongoing emotional distress, loss of society, guidance, and companionship with JEFF BOND.

WHEREFORE, Plaintiffs respectfully request a reasonable award of damages based upon the damages to be proven at trial, including, without limitation:

1. Compensatory damages;

2. Medical bills;

3. Loss of Consortium;

4.  Past, present, and future pain and suffering damages;

5.  Past, present, and future permanent injuries;

6.  Loss of enjoyment of life and hedonic damages;

7.  Loss of income and income opportunity;

8.  For all allowable taxable costs;

9.  Such other and further relief deemed warranted under the circumstances.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.


By: */s/ Theodore W. Barudin*
   Theodore W. Barudin
   7900 Menaul Blvd NE
   Albuquerque NM  87110-4606
   (505) 332-1800

   *Attorney for Plaintiffs*